BENJ. F. SHEPHERD v. COMMONWEALTH.

**Evidence — When Objected to.**

> Where an illegal order suspending a license to sell spirituous liquors
> is submitted as evidence in the court below objection to its illegality must
> be made at the time of its introduction. It cannot be availed of for the
> first time on appeal.

APPEAL FROM CENTER CIRCUIT COURT.

February 24, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Shepherd, being indicted for keeping a tippling-house, appeared,
plead not guilty, and on the trial admitted the selling of the
spirits as charged, but relied on his license as a tavern-keeper,
read to the jury, without objections, the County Court order
granting him a license, whereupon the attorney for the Common-
wealth read as evidence to the jury, without any objection by
defendant, the County Court order suspending the license, and
this being all the evidence the court gave to the jury a peremptory
instruction to find for the Commonwealth to which defendant
excepted.

After verdict and judgment defendant moved for a new trial
"because the court erred in excluding the order of the County
Court granting a license to defendant to keep a tavern and be-
cause the court erred in the instructions given to the jury." The
bill of exceptions shows that said order granting Shepherd a
license to keep a tavern was admitted, and nothing in the excep-
tion shows it was afterward excluded, so that this assigned cause
is not sustained as a fact.

The order suspending the license made it illegal for defendant
afterward to sell as charged in the indictment and, therefore, the
peremptory instruction was right.

It is now insisted that the order suspending the license was a
nullity, because it is not shown that Shepherd had been notified
as required by section 9, p. 407 (2 Stanton Rev. Stat.), of any
motion to suspend his license.

This order does not purport to be a full and perfect transcript of the record and had the defendant objected to its introduction this would have been an available error; but having permitted it to go to the jury without objections and not assigning this as a cause for a new trial we cannot, for the first time, have this objection in this court.

It is but reasonable to presume from Shepherd's conduct, in not objecting to this order in the court below, that he had been notified and that the use of the order alone was beneficial to him, as the expense of the transcript enters into the cause of this proceeding.

The judgment must, therefore, be affirmed.